### Rogers v. Hemsted et al.

In case of a joint and several debt, a discharge to one of the debtors for portion of the debt, is only a discharge of such part as is described, and the person discharged, as well as the other debtors, are still liable for the remainder.

THIS was an action on a written agreement between the plaintiff and defendants, stating, " That whereas they were jointly concerned in the capture of a small boat and several cattle, in April, 1783, which were libeled and condemned to the use of the captors, and distribution made accordingly: They therefore, jointly and severally engaged to pay the plaintiff (in whose name said condemnation was had) their respective proportions of any future expense that might arise in the premises." Subsequent to this agreement, one Randal claimed the property of the boat and cattle mentioned in the writing; for which he instituted a suit against the plaintiff, and recovered about £60. This action was brought to recover of the defendants their respective proportions of said expenditure.

The defendants pleaded a discharge from the plaintiff, which was recited in these words:  " Received of Daniel Harris twenty-eight silver dollars, on account of a boat and cattle taken from Randal the 4th of April, 1783, and condemned to said Rogers, and since said Randal has got an execution against said Rogers for £67; and this is Daniel Harris' receipt for his part of said execution."

To this plea the plaintiff demurred generally. And,

By the whole COURT. This plea is insufficient. This receipt was not in full of the execution, but only of such part or proportion of it as Harris had received of the property condemned. He, with the rest of the defendants, as they were jointly and severally bound for each other's proportions, remained holden for the residue of the execution.